IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSPORTATION CONSULTANTS, INC., d/b/a TCI Trucking, Inc., Plaintiff, | § § § § § | |
| v. | § | CIVIL ACTION NO. H-07-3375 |
| POLY-AMERICA GP, LLC and POLY-AMERICA, LP, Defendants. | § § § § | |

## **MEMORANDUM AND ORDER**

Plaintiff Transportation Consultants, Inc., d/b/a TCI Trucking, Inc. ("TCI") filed a Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 45] on its negligence claim. Defendants Poly-America GP, LLC and Poly-America, LP (collectively, "Poly-America") filed a Motion for Summary Judgment ("Defendants' Motion") [Doc. # 46] on Plaintiff's negligence and promissory estoppel claims. The motions have been briefed and are ripe for decision.[1] Having reviewed the record and having applied the governing legal principles, the Court **denies** Plaintiff's Motion. The Court **denies** Defendants' Motion on the negligence claim and **grants** Defendants' Motion on the promissory estoppel claim.

---

[1]   Defendants filed a Response [Doc. # 52] to Plaintiff's Motion. Plaintiff filed a Response [Doc. # 53] to Defendants' Motion, and Defendants filed a Reply [Doc. # 56].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

TCI is a Louisiana corporation that specializes in the transportation of various goods. Poly-America is a manufacturer of goods involving polyethylene-based material. TCI alleges that it was hired by Air Tiger, a broker representing Poly-America, to transport products to Poly-America in containers owned by third parties. TCI delivered the products pursuant to instructions from the broker, and obtained Drop Receipts from Poly-America's representative when the containers were delivered. TCI alleges that Poly-America retained possession of the containers beyond the industry standard, causing TCI to incur per diem charges for the containers.

TCI filed this lawsuit against Poly-America asserting causes of action for breach of contract, unjust enrichment, promissory estoppel, and negligence.[2] In connection with the negligence claim, TCI alleges that Poly-America owed it a duty to comply with industry standards regarding return of the containers, that Poly-America breached that duty, and that TCI suffered damages proximately caused by that breach. In connection with the promissory estoppel claim, TCI asserts that Poly-America promised that it knew of and agreed to comply with the industry standard

---

[2]   TCI has dismissed its breach of contract claims.

regarding return of containers and is estopped from taking a contrary position in this lawsuit.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The

nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

## III.   ANALYSIS

### A.   Negligence Claim

"The elements of a cause of action for negligence are: (1) a legal duty owed by one person to another; (2) a breach of that duty; (3) the breach was the actual cause of injury; and (4) actual injury." *Ling v. BDA&K Business Servs., Inc.*, 261 S.W.3d 341, 347 (Tex. App. – Dallas 2008). "The existence of a duty is a question of law for

the court to decide from the facts surrounding the occurrence in question." *Id.* (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

Plaintiff argues that Defendants owed it a legal duty to return the containers within seventy-two hours. Defendants do not dispute that they were required to return the containers, but deny that they were under any obligation to return the containers within three days as asserted by Plaintiff. The evidence establishes, and the Court holds, that Defendants owed Plaintiff a duty to return the containers in a timely fashion.

The parameters of a "timely fashion" can be determined by an agreement or course of dealing between the parties, a well-established industry standard, or a filed tariff. In this case, there is a fact dispute regarding what constitutes a "timely fashion." As a result, there is a genuine issue of material fact regarding whether Defendants failed to return the containers in a "timely fashion" in breach of their duty to Plaintiff. The Court denies both motions for summary judgment on the negligence claim.

### B.     Promissory Estoppel Claim

"The elements of a promissory estoppel claim are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378-79

(Tex. App. – Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

Plaintiff has failed to present evidence that Poly-America made a promise that it knew of its obligation to return the containers within a specific number of days. Indeed, Plaintiff's evidence at best shows that Poly-America knew that it needed to return the containers but was unsure when their return was due. Because Plaintiff has failed to present evidence of an essential element of its promissory estoppel claim, Defendants are entitled to summary judgment on that claim.

## IV.   CONCLUSION AND ORDER

There is a genuine issue of material fact regarding the timing of Defendants' duty to return the containers. Consequently, summary judgment on Plaintiff's negligence claim is inappropriate.

With reference to the promissory estoppel claim, Plaintiff has failed to present evidence of a promise by Defendants to return the containers within a specific time period. As a result, Defendants are entitled to summary judgment on that claim. It is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 45] is **DENIED** and Defendants' Motion for Summary Judgment [Doc. # 46] is **DENIED** as to the negligence claim and **GRANTED** as to the promissory estoppel claim.

SIGNED at Houston, Texas, this **17th** day of **October, 2008**.

_____
Nancy F. Atlas
United States District Judge